UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-20562-JEM/Becerra

KING OCEAN SERVICES, LTD.,

        Plaintiff,

v.

BERACA VALLY CORP.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST BERACA VALLY CORP.**

**THIS CAUSE** came before the Court on Plaintiff, King Ocean Services, Ltd.'s, Motion for Final Default Judgment Against Defendant, Beraca Vally Corp. (the "Motion").[1] ECF No. [12]. Plaintiff filed the affidavit of Jorge Gomez, Plaintiff's manager of collections, in support of the Motion. ECF No. [12-1]. Defendant did not file a response to the Motion, and the time to do so has passed. Upon due consideration of the Motion, the supporting affidavit, the pertinent portions of the record, and the applicable law, it is hereby **RECOMMENDED** that the Motion be **GRANTED**.

**I.    BACKGROUND**

This breach of contract case arises out of Plaintiff's allegations that Defendant breached the contract between the Parties—namely, three bills of lading memorializing Plaintiff's transport and delivery of produce (the "Goods") to Defendant "at [its] request and direction" (the "Bills of Lading"). ECF No. [1] at ¶¶ 3-14. Plaintiff asserts that the Bills of Lading included a provision incorporating a set of terms and conditions (the "Terms and Conditions"), which made consignees

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [13].

like Defendant "jointly and severally liable to [Plaintiff] for . . . payment of all freight, demurrage, General Average and other charges" incurred from the shipments corresponding thereto. *Id.* at ¶¶ 8-13; ECF No. [1-3]. The Terms and Conditions state that upon acceptance of the Bills of Lading, "whether or not signed" by the consignee, the consignee "expressly accepts and agrees that the receipt, custody, carriage, delivery and any transshipping of the Goods are subject to the" Terms and Conditions. ECF No. [1-3] at 2. Thus, Plaintiff contends that Defendant breached the Bills of Lading by failing to "pay the ocean freight and related charges owed" to Plaintiff in connection with shipment of the Goods, totaling $11,856.00 "after application of all credits due Defendant." ECF No. [1] at ¶¶ 12-14.

Plaintiff filed its complaint against Defendant on February 11, 2023, asserting one count of breach of contract based on the Bills of Lading. ECF No. [1]. Defendant was duly served on February 13, 2023. ECF No. [4]. After failing to timely respond to the Complaint, the Clerk of Court entered a Clerk's Default against Defendant on March 8, 2023. ECF Nos. [6], [7]. That same day, Defendant filed a Notice of Appearance but did not respond to the Complaint or move to set aside the Clerk's Default. *See* ECF No. [8]. Plaintiff subsequently filed the instant Motion seeking entry of a default judgment against Defendant in the amount of $11,856.00 in "unpaid ocean freight and related charges" and $467.00 in taxable costs, for a total of $12,323.00. ECF No. [12] at ¶¶ 7-10; ECF No. [12-1] at 2.

II. ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a

2

sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1).

A default admits plaintiff's well-plead allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard).

Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (quotations and citations omitted). Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation. *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746–47 (11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations and citations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

3

To state a cause of action for breach of contract, whether or not in the maritime context, a party must demonstrate the existence of a valid contract, a material breach of that contract, and damages. *See F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1360 (S.D. Fla. 2007), *aff'd*, 308 F. App'x 389 (11th Cir. 2009).  The undersigned has carefully reviewed the Bills of Lading and finds that Plaintiff has established the existence of a valid contract.  The material terms of the agreement are set forth in the Bills of Lading and Terms and Conditions, and Defendant plainly accepted those terms by accepting the Goods.  *See* ECF No. [1] at ¶¶ 5-12.  Plaintiff has also shown that Defendant breached the Bills of Lading by failing to compensate Plaintiff for "ocean freight and related charges earned by . . . [Plaintiff]" in connection with shipment of the Goods, and Plaintiff was damaged as a result thereof.  *Id.* at ¶ 12.  Accordingly, the undersigned concludes that Plaintiff has properly stated a claim against Defendant for breach of the Bills of Lading.

Further, a default judgment is proper here because the amount due and owing under the Bills of Lading is a sum certain.  The record reflects that Defendant owes Plaintiff, pursuant to the Bills of Lading, $11,856.00 in ocean freight and related charges.  ECF Nos. [12] at 4; [12-1] at 2; [12-2] at 2.  The record also supports Plaintiff's request for taxable costs in the amount of $467.00.  ECF No. [12-1] at 2.  For these reasons, the undersigned concludes that Plaintiff is entitled to a default judgment against Defendant in the amount of $12,323.00.

## III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Judgement, ECF No. [12], be **GRANTED**, and that the Court enter final judgment against Defendant in the amount of $12,323.00.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on January 3, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**